UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEMERYS DOTSY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 3:23-CV-1790-B |
| | § | (NO. 3:22-CR-284-B) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Jemerys Dotsy's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review of the record, the motion is **DISMISSED**.

### I.   BACKGROUND

On July 26, 2022, Movant was named in a one-count indictment charging him with possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). *United States v. Dotsy*, No. 3:22-CR-284-B, Crim. Doc. 12. Movant entered into a plea agreement pursuant to which he agreed to plead guilty to the offense charged by the indictment and the government agreed not to bring any additional charges against him based on the conduct underlying and related to the plea. Crim. Doc. 18. The plea agreement set forth the maximum penalties Movant faced; that the plea was freely and voluntarily made and not the result of force, threats, or promises; that Movant waived his right to appeal or otherwise contest the sentence except in certain limited circumstances; and that Movant had thoroughly reviewed all legal and factual aspects of the case with his counsel and was fully satisfied with the legal representation he had received. *Id.* Movant also signed a factual resume setting forth the elements of the offense

and the stipulated facts establishing that Movant had committed the offense. Crim. Doc. 19. At arraignment Movant testified under oath to the facts establishing that the plea was knowing, voluntary, and intelligent and so was the waiver of right to appeal. Crim. Doc. 39. The Court sentenced Movant to a term of imprisonment of 57 months. Crim. Doc. 35. He did not appeal.

## II.     GROUND OF THE MOTION

Movant raises a single ground in support of his motion, contending that his conviction cannot stand because 18 U.S.C. § 922(g)(3) is unconstitutional. Civ. Doc. 1.

## III.    APPLICABLE LEGAL STANDARDS

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues

2

in a later collateral attack.@ *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.   ANALYSIS

A knowing and voluntary waiver of postconviction rights is enforceable and should not be easily evaded. *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002). A defendant can waive the right to challenge both illegal and unconstitutional sentences. *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020). That is the case here, where Movant's plea agreement clearly reflects that he reserved only

> the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

Crim. Doc. 18, ¶ 12. The plea agreement itself, including the waiver, reflects that it was freely and voluntarily made by Movant. *Id.* ¶ 11. At arraignment, Movant testified under oath that he had "read [the plea agreement] very thoroughly, paragraph by paragraph, word by word" with counsel and understood everything in it. Crim. Doc. 39 at 6–7. Further, he understood that he did not have to waive his right to appeal but that he had waived it, meaning that "your case is over at sentencing." *Id.* at 8–9. He understood each provision of the waiver paragraph and testified that no one had promised him anything or threatened him to get him to waive his right to appeal. *Id.* at 9–10. Movant's sworn testimony is entitled to a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). In addition, the statements in his plea agreement are entitled to that presumption. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Movant has not come forward with any

3

evidence bearing the slightest indicia of reliability to overcome his testimony that the waiver was knowing and voluntary. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Movant's waiver is effective even though he relies on a Supreme Court case that was decided after his judgment became final. *United States v. Caldwell*, 38 F.4th 1161, 1162 (5th Cir. 2022). *See United States v. Hamilton*, No. 1:23-CV-70-HSO, 2023 WL 3099881, at *2 (S.D. Miss. Apr. 26, 2023) (*Bruen*-based collateral attack on 922(g)(3) conviction barred by waiver). He cannot proceed here.

Even if Movant had not waived his right to appeal, he could not prevail. Movant did not raise the constitutionality of Section 922(g)(3) in this Court or on appeal. He may not raise the issue for the first time on collateral review without showing cause and prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Although Movant contends that his counsel was deficient in failing to tell Movant that his statute of conviction was unconstitutional, ECF No. 2 at 5, what he is really arguing is that counsel should have been clairvoyant. However, counsel is not ineffective for failing to anticipate some future change in the law. *United States v. Fields*, 565 F.3d 290, 295 (5th Cir. 2009); *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997).

Because Movant's claim is waived and procedurally defaulted, the Court does not reach its merits. *Jean v. Nelson*, 472 U.S. 846, 854 (1985).

SO ORDERED this 8TH day of August, 2024.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

4